UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK MCALLISTER,<br><br>Defendant. | CASE NO. CR13-5464 RBL<br><br>ORDER ON REVIEW OF REFUSAL TO RECUSE |

This matter comes before the Court on Defendant McAllister's Motion for Disqualification of U.S. District Judge Ronald B. Leighton. Dkt. #79. Upon review of the motion, Judge Leighton declined to recuse himself. Dkt. #82. In accordance with the Local Rules of this District, Defendant's motion was referred to the Undersigned for a review of Judge Leighton's refusal to recuse. LCR 3(e).

Defendant bases his motion to recuse on his allegations of "a long-standing conflict of interest demonstrated in the record," a record which Defendant maintains is evidence of Judge Leighton's bias against him. Dkt. #79 at 2.

Defendant's evidence of impartiality on Judge Leighton's part consists of the following:

(1) At some point during his criminal proceeding, Defendant moved to withdraw his plea of guilty "based on the fact that Mr. Hester, defense counsel, told me that if I didn't plead guilty, he would withdraw from my case." *Id.* at 5. Judge Leighton declined to

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

rule on Defendant's motion to withdraw his plea at the time, and it appears from the excerpts of the hearing Defendant included in his "Affidavit of Judicial Bias" that Judge Leighton did not credit Defendant's allegations of what his defense counsel's had told him. *Id.*[1]

(2) During the hearing on the motion to withdraw his plea, Defendant made a request to be transferred back to Airway Heights Detention Center. Judge Leighton denied that request because the facility to which Defendant requested a transfer was a state detention center and Defendant was charged with federal offenses. The judge characterized his position as: "The Bureau of Prisons, they own your ass. I don't interfere with their decisions about where you are going to be." Dkt. #82 at 4 (quoting Transcript of Withdrawal Hearing at Dkt. #69 at 7).

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th

---

[1] A review of the full docket in Defendant's matter reveals that (1) Mr. Hester was permitted to withdraw as counsel (*see* Dkt. #40) and (2) Defendant never renewed his request to withdraw his plea and went ahead with his sentencing. *See* Dkt. #62.

Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Defendant's evidence does not constitute proof of bias or prejudice on the part of Judge Leighton. Declining to credit Defendant's version of what he had been told by counsel (in the face of counsel's denial of making the statements) is not an act of bias or prejudice. The fact that Judge Leighton appointed new counsel for Defendant and advised him that he could renew his motion with the help of his new attorney (*see* excerpt of hearing quoted in Dkt. #70 at 3) is evidence of just the opposite.[2]

---

[2] Defendant devotes a significant amount of argument to evidence that Mr. Hester may have been in possession of material which Defendant characterizes as "exculpatory and impeachment information" and which he alleges he was not shown prior to his guilty plea. Dkt. #79 at 5-6, and accompanying exhibits. Whatever the ultimate legal ramifications of this evidence, it is totally irrelevant to Defendant's recusal motion and to the issue of Judge Leighton's partiality or impartiality. Defendant's motion to withdraw his plea was based solely on his allegation that Mr. Hester had threatened to withdraw as counsel if Defendant did not accept the plea bargain; it had nothing to do with any allegation that Mr. Hester had withheld evidence from him. At the time of the hearing on the motion to withdraw the plea, Judge Leighton only had before him the allegation that Mr. Hester had threatened to withdraw as counsel, an allegation the judge clearly doubted. Any subsequent revelations of evidence in Mr. Hester's possession of which Defendant was unaware are immaterial to Defendant's allegation that Judge Leighton demonstrated bias toward him on November 22, 2013.

ORDER ON REVIEW OF REFUSAL TO RECUSE- 3

Judge Leighton's use of a colloquial expression to describe his inability to alter Defendant's custodial status does not demonstrate (as Defendant claims) "hostility and disrespect." Dkt. #79 at 6. The use of "ass" was clearly not intended to describe Defendant. None of Defendant's submissions are sufficient to form the basis of a valid request for recusal.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome the presumption that Judge Leighton is impartial in this matter, Defendant would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Defendant does not allege any facts outside the record that improperly influenced the decisions in this matter and a review of the rulings in this matter reveal no orders that are either outlandish or irrational or in any way give rise to an inference of bias.

The Court finds no evidence upon which to reasonably question Judge Leighton's impartiality and AFFIRMS his denial of Defendant's request that he recuse himself.

The Clerk SHALL provide copies of this order to Defendant and to all counsel of record.

Dated this 3rd day of March, 2017.

                                                RICARDO S. MARTINEZ
                                                CHIEF UNITED STATES DISTRICT JUDGE